IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Lee Dickey, | C/A No. 0:16-1455-MBS-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Matthew Hogge, *York County Solicitor's Office*; State of South Carolina, | |
| Defendants. | |

The plaintiff, Jerry Lee Dickey, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Procedural Background**

Plaintiff indicates he was charged with shoplifting and failure to stop for blue lights in South Carolina. (ECF No. 1 at 3.) In the incident that led to his South Carolina charges, he led authorities on a chase into North Carolina where he was arrested. (Id.) North Carolina authorities charged him with possession of stolen goods and he pled guilty to that charge on October 27, 2014. (Id. at 3-4.) Plaintiff claims he was then tried and convicted *in absentia* by Defendant Solicitor Hogge in South Carolina on the shoplifting and failure to stop charges. (Id. at 4.) He also claims Hogge deliberately withheld information from the trial judge concerning his prior North Carolina possession of stolen goods conviction, and that he was "punished twice" for the same incident. (Id.) Plaintiff requests

that the court overturn the South Carolina sentences and he seeks punitive damages if he ultimately serves more than three years in prison.  (Id. at 5.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a

Page 3 of 7



right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this action, the court construes Plaintiff's claim as alleging violations of the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment pursuant to § 1983. However, as discussed below, the court finds that Plaintiff's Complaint should be dismissed because the defendants are immune from suit.

### 1. Defendant Matthew Hogge

First, Defendant Matthew Hogge is entitled to absolute prosecutorial immunity to the extent Plaintiff seeks damages pursuant to § 1983 against him. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) ("Solicitors are immune from §1983 claims where their challenged actions are 'intimately associated with the judicial phase of the criminal process.'"); see also Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996) (explaining "the Imbler Court specified that absolute immunity protects prosecutors' decisions 'whether and when to prosecute'"). Here, Plaintiff alleges that Hogge withheld information from the trial judge concerning his prior convictions, and therefore, he was punished twice for the same conduct. This allegation concerns Hogge's decision to prosecute Plaintiff for conduct that led to Plaintiff's conviction for a separate crime in North Carolina. Therefore, this allegation concerns Hogge's decision of "whether and when to prosecute," which is subject to immunity. See Lyles, 79 F.3d at 377. Accordingly, Hogge is entitled to prosecutorial immunity from Plaintiff's § 1983 claims.

Second, to the extent Plaintiff seeks to have his conviction and sentence overturned, such relief is not available in a § 1983 action. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (providing habeas corpus is the appropriate remedy where prisoners "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly*



through a judicial determination that necessarily implies the unlawfulness of the State's custody") (original emphasis); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Because Plaintiff seeks to have his conviction overturned based on the manner in which he was prosecuted, he is challenging the lawfulness of the state's custody and seeking his release. Therefore, a habeas corpus action is the only appropriate vehicle of relief for Plaintiff's claim.

### 2. Defendant State of South Carolina

While the Complaint appears to name the State of South Carolina as a separate defendant, Plaintiff did not raise any legal claims or provide any factual allegations concerning this defendant. Therefore, to the extent the State of South Carolina is named as a defendant, it should be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 8; 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, officials, and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that claims against a state official for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the



sovereign immunity of a state, neither of those exceptions applies in the instant case.[2]  Therefore, to the extent Plaintiff seeks to raise constitutional claims seeking damages against the State of South Carolina, such claims would be barred by the Eleventh Amendment and the claim would be subject to summary dismissal.  See 28 U.S.C. § 1915(e)(2)(B)(iii).

### III.     Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

_____

May 31, 2016                                                                    Paige J. Gossett
Columbia, South Carolina                                        UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983.  See Quern v. Jordan, 440 U. S. 332, 343 (1979).  Further, South Carolina has not waived immunity for § 1983 claims.  See S.C. Code Ann. § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).