IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry Lee Dickey, ) | |
| ) | C/A No. 0:16-1455-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Matthew Hogge, York County Solicitor's ) | |
| Office; State of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jerry Lee Dickey is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff currently is housed at Wateree Correctional Institution in Rembert, South Carolina. On May 4, 2016, Plaintiff, proceeding pro se, filed a complaint alleging that he was "punished twice" for the same incident, once in South Carolina, where he was charged for shoplifting and failure to stop for blue lights, and once in North Carolina, where he was arrested after a chase, for possession of stolen goods. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge construed Plaintiff's motion as alleging violations of the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

The Magistrate Judge reviewed Plaintiff's complaint pursuant to 42 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On May 31, 2016, the Magistrate Judge issued a Report and Recommendation in which she determined that Defendant Matthew Hogge is entitled to absolute prosecutorial immunity to the extent Plaintiff is seeking damages pursuant to § 1983

against him.  The Magistrate Judge further observed that Plaintiff did not raise any claims as to Defendant State of South Carolina, and therefore the complaint should be dismissed as to this Defendant for failure to state a claim for relief.  In addition, the Magistrate Judge noted that Plaintiff's constitutional claims seeking damages against the State are barred by the Eleventh Amendment.  The Magistrate Judge also determined that, to the extent Plaintiff seeks to have his conviction and sentence overturned, his proper remedy is to petition for a writ of habeas corpus.  Accordingly, the Magistrate Judge recommended that the complaint be dismissed without prejudice and without issuance and service of process.  Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record.  The court adopts the Report and Recommendation and incorporates it herein by reference.  Plaintiff's complaint is dismissed without

prejudice and without issuance and service of process.

    **IT IS SO ORDERED**.


                                              /s/ Margaret B. Seymour
                                              Senior United States District Judge

Columbia, South Carolina

June 27, 2016


### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**